510 SUPREME COURT [Vol.

# Shelton *v.* Larkin, *et al.*

Forcible Entry and Detainer.

(Decided April 5, 1917.   74 South. 971.)

1. **Appeal and Error; Harmless Error; Admission of Evidence.**—Error, if any, in allowing plaintiff in forcible entry and detainer, in which the real dispute was as to a boundary fence, to testify that he advised with his attorney about the differences between the parties, and then gave defendant notice to quit building a fence, was harmless.

2. **Boundaries; Evidence; Conversations Between Parties.**—A conversation between the parties and others in their presence as to the dividing line between the parties, involved in the action, is admissible.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Pleas Larkin and others in forcible entry and detainer against W. P. Shelton.   Judgment for plaintiff and defendant appeals.   Affirmed.

MILO MOODY for appellant.   No counsel marked for appellee.

MAYFIELD, J.—The action was forcible entry and detainer, by appellees against appellant, and resulted in judgment for plaintiffs.   Defendant appeals.

The only assignments of error go to rulings of the court in admitting evidence over appellant's objections.   They have each been carefully examined, and we find no error as to any ruling; but if error there was, it was clearly without injury.   The real, the only, dispute between the parties was as to boundary wire fence between the lands of the respective parties.

(1) One of the objections goes to the court's allowing plaintiff to testify that he advised with an attorney about the differences between the parties, and, after so advising, gave defendant notice to quit building a fence.   Certainly there is shown no error or injury here.

The second assignment of error is practically the same as the first, and counsel for appellant says so in brief.

(2) The last two assignments (third and fourth) raise the correctness of the action of the court in allowing proof to be

[Warren v. Cameron, et al.]

made of a conversation between the parties, and others in their presence, as to the dividing line between the parties. Assuredly, there was no error or injury here.

Affirmed.

ANDERSON; C. J., and SOMERVILLE and THOMAS, JJ., concur.